UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MARIA BIRO** | : | CASE NO.: 1:21-cv-483 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| v. | : | |
| | : | |
| **DILLARDS, et al.** | : | |
| | : | |
| Defendant. | : | |

**AFFIDAVIT OF JAMIE DORSEY IN SUPPORT OF
DEFENDANT'S MOTION TO COMPEL ARBITRATION
AND TO DISMISS CIVIL ACTION PENDING ARBITRATION**

Pursuant to 28 U.S.C. §1746, I, Jamie Dorsey, hereby state and declare as follows:

1. I am over 18 and competent to make this Declaration. I have personal knowledge of the facts set forth herein.

2. Dillard's, Inc., a Delaware corporation, and its related entities, including Defendant Higbee West MAIN, LP dba Dillard's, a Delaware limited partnership (hereinafter collectively "Dillard's"), operate approximately 280 stores in 29 states including the Dillard's store located at the Kenwood Towne Centre, 7913 Montgomery Road, Cincinnati, Ohio 45236 ("Dillard's Store #351"). Dillard's pays its associates via direct deposits with funds that are paid from a bank in Birmingham, Alabama.

3. Dillard's purchases clothing items and other products and services from vendors throughout the United States. Many of the items sold in Dillard's stores, including at Dillard's Store #351, are purchased by Dillard's buyers in states other than Ohio and are shipped to Dillard's Store #351 and to other Dillard's stores throughout the United States

Page 1 of 5

for sale to the public. Most of the merchandise at Dillard's Store #351 is transported from a distribution center in Salisbury, NC. Many of the customers in Dillard's Store #351 are from states other than Ohio.

4. I am employed as the Administrative Assistant to the Vice President and General Counsel of Dillard's, Inc. whose office is located at its headquarters in Little Rock, Arkansas. I have been employed in this position since 2011. Among my areas of responsibility is administration of Dillard's arbitration program. As part of my duties in this position, I have personal knowledge regarding Dillard's practice of entering into arbitration agreements with its associates and having its associates sign arbitration agreements with mutual obligations as a condition of employment and continued employment.

5. Dillard's maintains an intranet for its associates. Once an associate is set up in Dillard's' systems and has access to the intranet, he/she is required to electronically execute an agreement to arbitrate.

6. An associate logs on to Dillard's intranet by entering (a) his/her User ID (which is assigned to him/her) or Associate Identification Number ("AIN"), and (b) his/her personal password.

7. Upon initially logging onto Dillard's intranet, new associates are presented with the Dillard's Rules of Arbitration and Agreement to Arbitrate Legal Claims.

8. Each associate has the option of printing the documents for review and later agreement or electronically agreeing to the Rules of Arbitration and Agreement to Arbitrate Legal Claims. If the associate chooses to print the document for review, the document is presented again the next time the associate logs on to the intranet.

9. To electronically sign the arbitration agreement, an associate, such as Plaintiff Maria Biro, would scroll through the Rules of Arbitration and Agreement to Arbitrate Legal Claims

and click "I agree" and enter his/her AIN and personal password again to electronically agree to the Rules of Arbitration and the Agreement to Arbitrate Legal Claims.

10. At the time of electronically agreeing to the Rules of Arbitration and Agreement to Arbitrate Legal Claims, an associate can print a copy for his/her own records. Thereafter, during the associate's employment, the Rules of Arbitration and his/her own Agreement to Arbitrate Legal Claims are available to the associate for review or printing whenever the associate is logged on to the intranet.

11. The Rules of Arbitration and Agreement to Arbitrate Legal Claims provide for alternative dispute resolution of complaints, including but not limited to complaints by employees against Dillard's involving claims of discrimination, retaliation, failure to pay wages or benefits, defamation, infliction of emotional distress, and the like.

12. In the course of its regularly conducted business activity, Dillard's keeps records of its associates' electronically executed arbitration agreements.

13. It is the regular practice of Dillard's to keep these records on Dillard's intranet.

14. In my position as Administrative Assistant to the Vice President and General Counsel, I have access to the Dillard's intranet and to the electronically signed arbitration agreements for all associates of Dillard's, its subsidiaries, and related entities.

15. On July 20, 2021, by using my personal User ID and password, I logged onto Dillard's intranet and conducted a search of History for Plaintiff Maria Biro's electronically signed Agreement to Arbitrate Legal Claims.

16. That search produced an 8-page Rules of Arbitration, and a 1-page Agreement to Arbitrate Legal Claims that includes the electronic signature of Maria Biro, dated April 20, 2018, and a 1-page Agreement to Arbitrate Legal Claims that includes the handwritten signature

of Maria Biro, dated April 17, 2018. Each Agreement to Arbitrate Legal Claims also includes the authorized electronic signature of Vice President and General Counsel Dean L. Worley.

17. I printed all 10 pages of the documents relating to Plaintiff Maria Biro described in Paragraph 16 above. True and accurate copies of the 8-page Rules of Arbitration, and the 1-page Agreement to Arbitrate Legal Claims including the April 20, 2018 electronic signature of Maria Biro, and the 1-page Agreement to Arbitrate Legal Claims the including the April 17, 2018 handwritten signature of Maria Biro, which I retrieved and printed on July 20, 2021 are attached hereto collectively at Tab 1.

18. Pursuant to the Agreement to Arbitrate Legal Claims, Dillard's and Plaintiff Maria Biro have mutual obligations to arbitrate claims with one another. Plaintiff Maria Biro's continued employment with Dillard's and Dillard's agreement to arbitrate claims with Plaintiff Maria Biro, were conditioned on her agreement to sign and adhere to the Rules of Arbitration and Agreement to Arbitrate Legal Claims.

FURTHER AFFIANT SAYETH NAUGHT.

Executed this 16 day of September, 2021.

_____
Jamie Dorsey

STATE OF Arkansas _____ :
                          : SS
COUNTY OF Pulaski _____ :

Sworn to before me and subscribed in my presence this 16th day of September, 2021.

_____
Notary Public

Page 4 of 5

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed this 17th day of September, 2021, using the Court's CM/ECF electronic filing system which will send notice to all counsel of record, and a copy will be served via email, upon the following:

Jason R. Phillabaum
Yonas & Phillabaum LLC
810 Sycamore Street, 2nd Floor
Cincinnati, OH 45202
Email: Jason@Phillabaum.org
*Counsel for Plaintiff*

/s/ *Chad E. Willits*
Chad E. Willits (0066541)

## *AGREEMENT TO ARBITRATE LEGAL CLAIMS*

### *IMPORTANT NOTICE: THIS AGREEMENT WAIVES YOUR RIGHT TO A JURY TRIAL AND TO PURSUE LITIGATION IN COURT. READ IT CAREFULLY BEFORE SIGNING.*

*This Agreement contains the rules and procedures that Dillard's Inc., and Associates must follow to resolve any disputes between them over Legal Claims. Arbitration does not prevent an applicant or Associate from filing a charge with an administrative agency like the Equal Employment Opportunity Commission. This Agreement is NOT an employment agreement. The typewritten name in the "Authorized Signature" line below will serve to bind Dillard's to uphold its obligations under this Agreement.*

This Agreement to Arbitrate Legal Claims ("Agreement"), executed this 14 day of APR, 2018 by and between Dillard's, Inc., its affiliates, subsidiaries and Limited Liability Partnerships (the "Company") and ___MARIA BIRO___ (the "Associate" or the "Employee" or "you");

WITNESSETH:

Whereas, Associate and Company desire to resolve any and all disputes between them over Legal Claims, as more fully described in the Rules of Arbitration; and

Whereas, the parties hereto agree that Arbitration of such disputes is a valuable benefit, the existence of which is a significant inducement for Associate to accept or continue employment with Company and for Company to offer employment to Associate or continue to employ Associate.

NOW THEREFORE, in consideration of the mutual promises contained herein and in specific consideration of the Company agreeing to offer employment to Associate or continue to employ Associate, the parties hereto agree as follows:

EFFECTIVE upon the date of the submission of Associate's application for employment or the date of this Agreement, whichever occurs earlier, Associate and Company shall be entitled to the benefits of and mutually agree to become subject to the Company's RULES OF ARBITRATION (the "RULES").

WE AGREE TO ARBITRATE OUR LEGAL CLAIMS AND TO ABIDE BY THE RULES
OF ARBITRATION WHICH WILL GOVERN THE ARBITRATION:

Associate:

___Maria Biro___ (Signature)

___MARIA BIRO___ (Printed Name)

___04.17.2018___ (Date)

Company:    Dean L. Worley (Authorized Signature)

Employee Copy

Rev. 3-22-16

Rules of Arbitration

# RULES OF ARBITRATION

## SCOPE.

1. These Rules of Arbitration govern procedures in the arbitration of all disputes over Legal Claims. In consideration for the Company's agreement to consider the Associate's application for employment, to employ or continue to employ the Associate, as the case may be, the Company and the Associate agree that the procedures provided in these Rules will be the sole method used to resolve any dispute over Legal Claims arising between them.

2. The arbitrator must interpret these Rules to secure a speedy and cost-effective resolution of every arbitration.

3. Unless these Rules provide otherwise, any arbitration will be conducted according to the most current Employment Dispute Resolution Procedures of the American Arbitration Association (AAA).

4. If there is a difference between these Rules and the AAA Employment Dispute Resolution Procedures, these rules will apply. The parties recognize that the Company operates in many states in interstate commerce. Therefore, it is agreed that the Federal Arbitration Act, 9 U.S.C. §1 *et seq*, shall apply to these Rules and govern the arbitration.

5. Procedures not addressed by these Rules or the AAA Employment Dispute Resolution Procedures will be resolved by agreement of the parties. If the parties are unable to agree, the procedural issue will be determined by the arbitrator.

6. These Rules, from time to time, may be amended or even rescinded. However, any amendment or rescission will have no effect on any individual substantive Legal Claim which accrued or arose prior to the amendment or rescission. All changes will be prospective only, not retroactive. Any amendment to or rescission of the Rules of Arbitration and/or the Agreement will not become effective until ten (10) days after notice of said amendment(s) or rescission.

7. If any court of competent jurisdiction declares that any part of these Rules of Arbitration is illegal, invalid or unenforceable, such a declaration will not affect the legality, validity or enforceability of the remaining parts of these Rules of Arbitration and the illegal, invalid or unenforceable part will no longer be part of these Rules of Arbitration. To the extent that there are any claims to be litigated in a civil court of competent jurisdiction because that civil court of competent jurisdiction has determined that a waiver of any representative or aggregate actions (as referenced in Paragraph 8 below) is unenforceable, as to those claims the parties agree that the litigation of those claims in court shall be stayed pending the outcome of any individual claims in arbitration.

8. **THE ASSOCIATE AND THE COMPANY MAY BRING LEGAL CLAIMS AGAINST THE OTHER ONLY IN THE ASSOCIATE'S OR COMPANY'S INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS, COLLECTIVE, REPRESENTATIVE OR AGGREGATE PROCEEDING. FURTHER, THE ARBITRATOR MAY NOT CONSOLIDATE PROCEEDINGS ON MORE THAN ONE PERSON'S CLAIMS, AND MAY NOT OTHERWISE AUTHORIZE OR PRESIDE OVER ANY FORM OF A CLASS, COLLECTIVE, REPRESENTATIVE OR AGGREGATE PROCEEDING.**

9. The parties hereto agree that all Legal Claims that arise or accrue either before or after an Associate's employment has terminated, relating to or in connection with the Associate's current or prior employment at Dillard's including, but not limited to, Legal Claims relating to breach of fiduciary duty shall be subject to this Agreement.

## WHAT IS COVERED.

The Rules of Arbitration apply to any Legal Claim , including, but not limited to, the following Legal Claims:

- Discrimination or harassment on the basis of race, sex, religion, national origin, age, disability or other unlawful basis (for example, in some jurisdictions, protected categories include political affiliation, familial status or sexual orientation).

- Violations of any common law or constitutional provision, federal, state, county, municipal or other governmental statute, ordinance, regulation or public policy relating to workplace health and safety, voting, state service letters, minimum wage and overtime, pay days, holiday pay, vacation pay, severance/separation pay, payment at termination.

- Violations of any common law or other constitutional provision, federal, state, county, municipal or other governmental statute, ordinance, regulation or public policy **(except for violations of the National Labor Relations Act which claims associates are now and always have been free to bring directly to the NLRB).** The following list reflects examples of some, but not all such laws. This list is not intended to be all inclusive but simply representative: Consolidated Omnibus Budget Reconciliation Act (COBRA), Davis-Bacon Act, Drug Free Workplace Act of 1988, Electronic Communications Privacy Act of 1986, Employee Polygraph Protection Act of 1988, Fair Credit Reporting Act, Family and Medical Leave Act of 1993, Federal Omnibus Crime Control and Safe Streets Act of 1968, The Hate Crimes Prevention Act of 1999, The Occupational Safety and Health Act, Omnibus Transportation Employee Testing Act of 1991, Privacy Act of 1993, Portal to Portal Act, The Sarbanes-Oxley Act, Veterans Reemployment Rights Act, Worker Adjustment and Retraining Notification Act (WARN).

- Personal injuries

- Claims for breach of fiduciary duty against a fiduciary for any employee benefit plan, including any employee welfare benefit plan, employee pension benefit plan, employee stock ownership plan, 401(k) plan, profit sharing plan or pension plan.

- Retaliation for filing a protected claim for benefits (such as workers' compensation) or exercising your protected rights under any statute.

- Breach of any express or implied contract, breach of a covenant of good faith and fair dealing, and claims of wrongful termination or constructive discharge. (For example, a former Associate claims he or she was forced to resign.)

- Breach of any common law duty of loyalty, or its equivalent.

- Exceptions to the employment-at-will doctrine under applicable law.

- Any common law claim, including but not limited to defamation, tortious interference, intentional infliction of emotional distress or "whistleblowing".

**PROCEDURES.**

Any dispute over a Legal Claim between the Company and the Associate will be resolved through the Internal Review or Arbitration procedures described in the following steps.

**STEP 1: Internal Review**

If you have a dispute over a Legal Claim with the Company you may, but do not have to, begin the dispute resolution process by requesting Internal Review. To request Internal Review:

- Complete an Internal Review Request form.

- Return the completed form to your District Manager or Division Vice-President

The Internal Review Request Form must be received within the time period allowed by law covering the type of claim. Where federal or state law permits a longer time period, the longer period will apply. The Legal Department at the Corporate Office in Little Rock, Arkansas, can provide you with information on the applicable time periods. Any period stated in writing by the Legal Department will bind the Company. You should receive a response regarding the outcome of the Internal Review within 30 days of the date the Internal Review Request form was received. If no response is received within 30 days, or if you are not satisfied with all or any part of the Internal Review, you will have the right to proceed to the next step: arbitration.

**STEP 2: Arbitration.**

If you are dissatisfied with the results of the Internal Review, or if you choose to go directly to arbitration, you may initiate arbitration by following the process below:

1. Complete the Notice of Intent to Arbitrate form or if you use your own letter, please include a statement describing:

    - The nature of the dispute over a Legal Claim, the date the disputed act(s) occurred and a summary of the factual and general legal basis for the claim.

    - The dollar amount thought to be involved (the best estimate possible).

    - The remedy sought, or what you desire to resolve the dispute over a Legal Claim.

    - The hearing location you request.

    *The nature of the claim must be specified so that all parties, including the arbitrator, have a clear understanding of the dispute.*

    Submit one copy of the form along with a check made payable to the AAA for your share of the cost for arbitration to the appropriate Case Management Center of the AAA. Contact information for the appropriate Case Management Center can be determined on the AAA website at *www.adr.org/Offices* or can be obtained from the Dillard's Legal Department by mail at 1600 Cantrell Road, Little Rock, Arkansas 72201, by phone at 866-353-6787, or by email at Legal@dillards.com.

    - *An Associate's share of the Arbitration fee is $200.* Any Associate who brings a Legal Claim alleging breach of fiduciary duty against a fiduciary for any employee benefit plan, including any employee welfare benefit plan, employee pension benefit plan, employee stock ownership plan, 401(k) plan, profit sharing plan or pension plan shall not pay any portion of the Arbitration fee. It will be fully paid by the Company. Your Notice of Intent to Arbitrate form and check should be sent to the AAA (NOT Dillard's Legal Department) via certified or registered mail, return receipt requested. The company will pay to AAA the balance of the Arbitration fee, including the AAA's cost and all arbitrator's fees

2. Send one copy of the Notice of Intent to Arbitrate form to the Legal Department, 1600 Cantrell Road, Little Rock, Arkansas 72201. Notice sent to any other location will not be effective until the date it is received by the Legal Department.

You should keep a copy of the Notice of Intent to Arbitrate form for your records.

This filing initiates the arbitration process. You have the responsibility to initiate the process if you are bringing any claim for relief against the Company. If you do not request arbitration on a timely basis, as defined

herein, you forfeit your right to have your claim heard.

**Deadline for Filing and Administrative Proceedings**

The deadline for filing for arbitration depends on two separate factors: (1) the type of claim being made and (2) whether the Associate FIRST files a charge of unlawful discrimination with a state, local or federal administrative agency ("Agency") such as the Equal Employment Opportunity Commission (EEOC).

Deadlines for filing claims that do not involve unlawful discrimination claims handled by Agencies are covered by Paragraph C, below.

Finally, where the Associate attempts unsuccessfully to commence a legal action instead of arbitration, the time period in Paragraph D applies to subsequently commencing arbitration.

Associates claiming the types of unlawful discrimination that are handled by Agencies have two choices: either file FIRST with the Agency (see Paragraph A, below), or go directly to arbitration (see Paragraph B, below). The law sets special deadlines for filing claims with the Agency. The Associate should consult with the Agency to learn its deadlines and to learn which types of unlawful discrimination are (and are not) handled by Agencies.

*These rules do not preclude any Associate from filing a charge of unlawful discrimination with an Agency. Moreover, as described below, arbitration may still be available to the Associate even after the Associate has filed a charge with an Agency.*

Here is how it works:

A . **If the Associate chooses to file a charge with an Agency** and have the Agency handle the claim:

- In most cases the Agency will investigate and make a determination.

- If the Agency determines that there is reasonable cause to believe the claim is meritorious, the Associate and the Company will be invited by the Agency to try to settle the claim.

- If no settlement can be reached, the Agency may either sue the Company on the associate's behalf (in a court of law or in an administrative hearing depending on which Agency the Associate went to) or it may issue the Associate a "Notice of Right to Sue" letter (see below).

- Sometimes the Agency may not be able to complete investigating the claim or, after investigating, the Agency may not find reasonable cause to believe the claim is meritorious. In those cases, the Associate will also receive a "Notice of Right to Sue" letter (see below).

- After receiving a "Notice of Right to Sue" letter, because the Associate and the Company have signed an Agreement to Arbitrate, instead of going to a court of law to sue, the Associate can sue the Company in arbitration **PROVIDED**, *once the Associate receives this "Notice of Right-to-Sue" letter, the Associate initiates the arbitration process under these Rules within 95 days of the Agency's mailing date of such letter* .

B. **If the Associate chooses to proceed directly to arbitrate a claim of unlawful discrimination,** in order to avoid the possibility that the Associate may later file a charge of unlawful discrimination with an Agency after arbitrating the claim, the Associate will be asked to sign a voluntary waiver of the right to file charges with an Agency.

In arbitration, the Associate must sign this voluntary waiver <u>and</u> file the Notice of Intent to Arbitrate form with the AAA within the same time period permitted by law to file a claim with the appropriate Agency after the date the Associate claims a discriminatory event occurred.

C . **If the Associate wants to arbitrate a claim which does not involve alleged unlawful discrimination,** then the Associate must initiate the arbitration process within the time allowed for filing claims under state or federal law applicable to such claims. Of course, this is the same time period that applies if the Company seeks to file an arbitration claim hereunder.

D. If instead of the above alternatives, the Associate files an action in court and subsequently is ordered to proceed to arbitration, then the Associate must initiate the arbitration process within ninety (90) days after the court order is issued and all available appeals of the order to arbitrate have been exhausted. The same time period applies if the Company should unsuccessfully attempt to file a legal action against the Associate.

**SELECTION AND APPOINTMENT OF THE ARBITRATOR.**

The AAA will provide you and the Company with a list of seven neutral arbitrators who MUST have expertise in employment law and are licensed to practice law. The AAA, to the extent possible, will provide lists which include a diverse group of arbitrators. The AAA may not limit its list to arbitrators in one city, state or region but, instead, must include arbitrators from all regions of the United States on the same list. You and the Company can agree on an arbitrator from that list or in any other mutually agreeable manner.

If the parties cannot agree on an arbitrator from the list, the parties will select the arbitrator by exercising alternating strikes with the party requesting arbitration striking first until only one arbitrator remains on the list. If either party fails or refuses to exercise its strikes, the other party selects the arbitrator. Once an arbitrator is selected, the Company will notify the AAA.

If either party does not find the first list acceptable, either party can request a different list. If either party wishes to reject the first or second list, that party must notify the Company or AAA within 15 days of the date the list was mailed or waives its right of rejection. Any request for a new list must be made prior to beginning the alternate strike process. The alternate strike process may not begin (unless mutually agreed otherwise)

until the 15-day rejection period has expired. If the first two lists are rejected, an arbitrator must be selected from the third and final list.

The arbitrator cannot have any personal or financial interest in the dispute. Occasionally, a name appears on the list whose current law firm represents the Company. In that case, when so notified, the AAA must send a replacement list to the parties and may not substitute just one new name to the original list. Before accepting the appointment, the arbitrator will be required to disclose to the AAA any information which may prevent a prompt hearing or create an appearance of bias. If any such information is presented to the AAA, the AAA will communicate that information to you and the Company. Depending on your and the Company's response, the AAA may disqualify that person.

If the selected individual elects not to serve, is disqualified or is unable to serve promptly, another list of seven arbitrators will be provided. You and the Company will then select an arbitrator as described above.

### REPRESENTATION.

You may be represented by anyone, including an attorney, or you may represent yourself. The Company will almost always be represented by an attorney.

### DATE, TIME AND PLACE OF HEARING.

The arbitrator sets the date, time and place of the hearing. He or she will make every reasonable effort, without incurring extraordinary expense, to accommodate your preference for the hearing location.

For any arbitration or preliminary hearing on the merits of the dispute, the arbitrator will give you and the Company at least 30 days advance notice, unless you, the Company and the arbitrator agree to less notice. The arbitrator decides the amount of notice to be given for preliminary hearings on matters not related to the merits of the dispute.

### CONFERENCES.

At the arbitrator's discretion or at your or the Company's request, the arbitrator or AAA may provide notice and hold telephone or in-person conferences before the official hearing to discuss and decide any matter that will expedite the hearing, including:

- Clarification of issues.
- Determination of preliminary issues, including dispositive legal issues.
- Discovery.
- The time and location of hearings or conferences.
- Pre- or post-hearing memoranda.
- Stipulations.
- Encouraging settlements (offers to settle are not admissible and will be given no weight by the arbitrator).

### MODE OF HEARING AND CONFERENCES.

At the arbitrator's discretion or if you and the Company agree, conferences and hearings may be conducted by telephone, in person or by written submission.

### PRE-HEARING DISCOVERY.

You and the Company can require each other to:

- Provide relevant documents.
- Answer questions.
- Ensure the attendance of and ask questions of witnesses (including any expert witnesses) under oath at depositions.

You and the Company are each entitled to know who the other's witnesses will be and to see all relevant documents before the arbitration hearing. Before the hearing, the arbitrator will require you and the Company to submit to each other in writing (by the dates selected by the arbitrator) the names and addresses of any witnesses to be called, documents to be presented and a list of all exhibits to be used at the hearing.

The arbitrator may decide the form, amount and frequency of discovery permitted before the hearing, giving due consideration to:

- The proof requirements imposed by the law on the party making the claim or defense.
- Both your and the Company's desire for a quick and cost-effective alternative to courtroom litigation.
- Any other factors the arbitrator believes appropriate. For example, only in the most complicated cases should either party be required to submit more than 3 of its witnesses to oral deposition by the other party. This does not include expert witnesses.

Pre-hearing discovery may take any form allowed by the Federal Rules of Civil Procedure, subject to any restrictions the arbitrator imposes to meet the objectives of the arbitration process.

**MOTIONS.**

The arbitrator may grant a motion to compel discovery, a motion to dismiss, for judgment on the pleadings and/or a motion for summary judgment. In ruling on any motion, the arbitrator will apply the standard governing such motions under the Federal Rules of Civil Procedure and applicable case law. When the arbitrator finds that one or more of a party's claims fail to state a Legal Claim upon which relief could be granted in a court of law the arbitrator shall grant the other party's Motion To Dismiss For Failure To State a Claim Upon Which Relief May Be Granted. In the arbitrator's discretion, the dismissal of said claim(s) may be either with or without prejudice.

**ATTENDANCE AT HEARINGS.**

The arbitrator will maintain the privacy of the arbitration hearings unless applicable law provides otherwise. Any person with a direct interest in the arbitration may attend the hearings; the arbitrator determines whether any other person may attend. The arbitrator may exclude any witness, other than you or the Company representative, during the testimony of any other witness.

**POSTPONEMENT.**

The arbitrator may postpone any hearing or conference if you or the Company provide a good reason, or if you and the Company agree to postpone the hearing.

**OATHS AND AFFIRMATIONS.**

Before the first hearing, the arbitrator may take an oath of office and must do so if required by law. All witnesses testify under oath or by affirmation administered by a legally qualified person.

**AT THE HEARING.**

The arbitrator determines whether evidence is relevant, material and admissible. The Federal Rules of Evidence govern the arbitration (although strict conformity to legal rules is not necessary) and will be used to determine the admissibility of specific evidence. The arbitrator must apply the burden of proof the same way it would be assigned and applied by a court in litigation of a similar dispute.

The arbitrator will conduct the hearing in the manner that will most quickly allow full presentation of the evidence and arguments, using the AAA's Employment Dispute Resolution Procedures. If you request arbitration, you will ordinarily present your side first because you bear the overall burden of proof. However, the arbitrator can allow, or you and the Company can agree, to have witnesses or evidence presented out of sequence.

You and the Company may agree to have any hearing recorded stenographically (or by other alternative and reliable method). The cost of the original transcript (which will be sent to the arbitrator) will be divided equally between you and the Company; and each party pays the cost of its own copy. If you and the Company do not agree to have a hearing recorded, the party desiring to have the hearing recorded must pay the entire cost of the original transcript (to be sent to the arbitrator) and its copy. In this case, the transcript must be made available for inspection to the opposing party (or its representative) at the offices or residence of the party (or its representative) who arranged for the transcript and at a time that is mutually convenient. The party who arranged and paid for the transcript is not required to provide a copy to the other party. The original stenographic record or a stenographic record of a tape-recorded proceeding, no matter how arranged, is the official record of the proceeding.

All arguments, statements and testimony made at any phase of the arbitration are absolutely privileged and will not become the basis for any defamation or other common law claim.

The arbitrator may proceed with the hearing if you, the Company or your representatives fail to be present or to obtain a postponement after due notice. The arbitrator may require any party who is present to submit evidence for the making of the award. If warranted, the arbitrator may enter a default judgment against any party who fails to attend.

**CLOSING OF HEARING.**

When the arbitrator is satisfied that the record is complete, he or she declares the hearing closed and records that declaration. The hearing may be reopened only by motion of a party on grounds that would support the granting of a new trial.

**POST-ARBITRATION BRIEFS.**

Upon request at the close of the arbitration hearing, you or the Company may file a post-hearing brief. The arbitrator will set the time for filing such a brief.

**WAIVER OF PROCEDURES.**

If you or the Company believe any of these procedures have not been followed, an objection must be promptly made or the objection will be waived.

**COMMUNICATIONS AND SERVICE OF PAPERS.**

Unless otherwise provided in these Rules, all communications relating to this arbitration agreement or these Rules will be made in writing and sent by mail to Dillard's Legal Department, 1600 Cantrell Road, Little Rock, Arkansas 72201, or to the Associate's residential address as reflected in Dillard's employment records. However, after arbitration has been sought, all papers, notices, briefs or other pleadings needed for the arbitration and the award will be provided by email, mail or by personal service to the party's designated representative, or upon agreement of the parties, by fax.

**COMMUNICATION WITH THE ARBITRATOR.**

Personal communication between the arbitrator and only you or only the Company is not allowed. Any motions, pleadings or oral or written communications from either party to the arbitrator must be in the presence of or copied to the other party, unless the parties agree otherwise. The arbitrator will notify you and the Company of his or her mailing address.

**TIME OF AWARD.**

The arbitrator will make the award within 30 days from the later of: the closing of the hearing, the date of the last post-hearing brief, or the closing of a reopened hearing, unless you and the Company agree otherwise.

**FORM OF AWARD.**

The award will be in writing and signed by the arbitrator in the form typically used in employment arbitrations. The written decision will include the reasons for the decision (including findings of fact and conclusions of law) and the precise award or remedy granted. The results of the arbitration are confidential.

**ACCESS TO PRIOR AWARDS.**

You will be given an opportunity to inspect prior arbitration awards involving the same or substantially similar claims against the Company and involving the same geographic area or sub-division of the Company and decision-maker as your claim. The Company will make prior awards available for inspection, upon reasonable notice, at its offices in Little Rock or some other mutually agreeable location. However, this provision does not grant the general public access to any arbitration awards between the Company and other parties. Information on prior awards will be retained according to the Company's normal record retention practices.

**INTERPRETATION AND APPLICATION OF THESE RULES.**

The arbitrator interprets and applies these Rules as they relate to the arbitrator's powers and duties.

**APPLICABLE LAW AND ARBITRATOR'S AUTHORITY.**

The arbitrator will apply the state or federal substantive law which would be applied by a United States District Court sitting where events giving rise to the claim took place. The arbitrator has the authority to interpret and apply federal, state and/or local statutes and common law which govern your and the Company's respective claims and defenses. The arbitrator does not have the authority to enlarge upon or add to, subtract from or disregard, or otherwise alter your or the Company's rights under such laws. Consistent with applicable law the arbitrator shall have the authority to award any remedy or relief after a violation is found that the United States District Court referenced above could provide.

Nothing in these rules changes or in any manner modifies the parties' employment relationship of employment-at-will; that is, the parties can each end the relationship at any time for any reason with or without cause. The Arbitrator has no authority to alter the at-will nature of your employment.

**FINAL AND BINDING DECISION.**

In all cases, the decision of the arbitrator is final and binding, subject to review only under circumstances described in the Federal Arbitration Act or, if appropriate, your state law.

**YOUR PARTICIPATION IN THE COST.**

If the arbitrator finds in your favor, the Company will reimburse your $200 fee.

You may also have charges which are your responsibility to pay resulting from:

- Attorney fees, if you choose to have legal representation,
- Any costs for witnesses you call (other than Company management witnesses),
- Any costs to produce evidence you request, or
- A stenographic record of the proceedings as set forth above in the "At The Hearing" section of these Rules.

If the arbitrator rules wholly or partially in your favor on a claim under which fees and costs can be granted under law, then the arbitrator has the same authority as a judge to award to you reasonable attorney fees and other costs. If the arbitrator finds wholly against you, Dillard's may be awarded its reasonable attorney's fees and other costs, if determined by the arbitrator to be appropriate under applicable law.

**MISCELLANEOUS PROCEDURAL MATTERS.**

Any procedural matters not addressed by these rules (other than those relating to class, collective representation or aggregate proceedings dealt with in paragraph 8 above) `, and on which you and the Company cannot agree, will be determined by the arbitrator. The arbitrator cannot, however, deviate from the requirements of these rules, particularly those stated in the section on Applicable Law.

**JUDICIAL PROCEEDINGS AND EXCLUSION OF LIABILITY.**

1. Neither the AAA nor any arbitrator is a necessary party in any judicial proceeding relating to the proceedings under these rules.

2. Neither the AAA nor any arbitrator will be liable to any party for any act or omission in connection with any arbitration within the scope of these rules.

3. You and the Company will be deemed to have consented that judgment upon the arbitration award may be entered and enforced in any federal or state court having jurisdiction.

4. Initiation of, participation in, or removal of a legal proceeding does not constitute waiver of the right or obligation to arbitrate under these rules.

**ENFORCEMENT.**

Any dispute over a Legal Claim concerning this Agreement - the way it was formed, its applicability, meaning, enforceability, validity, recission, waiver of the right or obligation to arbitrate or any claim that all or part of this Agreement is void or voidable - is subject to arbitration under this Agreement. As stated in Paragraph 8 above, class, collective, representative or aggregate claims are not subject to arbitration under this Agreement. Either the Company or the Associate may bring an action in court to compel arbitration under this Agreement, to enforce an arbitration award, or to dismiss any lawsuit seeking to resolve disputes that are covered by this Agreement.

**DEFINITIONS.**

"Dillard's" or the "Company" means Dillard's, Inc. and all present and past subsidiaries, Limited Liability Partnerships and affiliated companies, all retirement, pension and benefit committees and all officers, directors, fellow associates, managers, supervisors and all agents in their personal or official capacities.

"Legal Claim" means a claim which would be recognized by a court of competent jurisdiction as stating a claim which would be remediable under existing law in that jurisdiction. By way of example only, and without limiting the foregoing, claims that some or all of the Company's employee benefits are inadequate or that its work rules or policies are burdensome or unfair to the workforce as a whole may not be "Legal Claims".

"You" or the "Associate" means any applicant for employment or any Associate of the "Company".

*INTERNAL REVIEW REQUEST FORM*

*Name:* _____

*Address:* _____

*SSN/AIN:* _____

*Today's Date:* _____

*Description in detail of facts surrounding this Request For Review* :
_____
_____
_____
_____
_____
_____
_____
_____
_____
*Use additional paper, if so desired.*

*Result You Wish To See Occur* :
_____
_____
_____

*Signature:* _____

**Please keep one copy of this form for your files; send one copy to your District Manager, or Division Vice-President. (If you have any questions, the name and address of the appropriate person can be obtained from the Legal Department.)**

**Dillard's, Inc.**

### *NOTICE OF INTENT TO ARBITRATE*

Please be advised that the undersigned, _____ (Your Name), intends to proceed to Arbitration under the Rules of the Company's Alternative Dispute Resolution Procedure.

Enclosed is my check, money order or cash payment of: $200

I understand that the original of this form and the check must be sent to the American Arbitration Association within the appropriate time period as explained in the Rules of Arbitration in order to be considered a timely notice of intent to arbitrate my dispute over a Legal Claim. A copy must also be sent to Dillard's Legal Department at 1600 Cantrell Road, Little Rock, Arkansas 72201.

***IF APPLICABLE, BY PROCEEDING DIRECTLY TO ARBITRATION I AM HEREBY VOLUNTARILY WAIVING MY RIGHT TO SUBMIT A CLAIM TO THE EEOC (OR EQUIVALENT STATE OR LOCAL AGENCY) .***

My reasons for seeking arbitration are as follows: (Please set forth a short, nonbinding account of your reasons for believing that your rights have been violated).

_____
_____
_____
_____
_____
_____
_____

_____
Date

_____
Signature

_____
SSN/AIN or Printed Name AND Store No.

_____
Address

**AGREEMENT TO ARBITRATE LEGAL CLAIMS**

**IMPORTANT NOTICE: THIS AGREEMENT WAIVES YOUR RIGHT TO A JURY
TRIAL AND TO PURSUE LITIGATION IN COURT. READ IT CAREFULLY BEFORE SIGNING.**

This Agreement contains the rules and procedures that Dillard's, Inc. and associates must follow to resolve any disputes between them over Legal Claims. Arbitration does not prevent an applicant or associate from filing a charge with an administrative agency like the Equal Employment Opportunity Commission. This Agreement is NOT an employment agreement. The typewritten name in the "Authorized Signature" line below will serve to bind Dillard's to uphold its obligations under this Agreement.

This Agreement to Arbitrate Legal Claims ("Agreement"), by and between Dillard's, Inc., its affiliates, subsidiaries and Limited Liability Partnerships, as more fully defined in the Rules of Arbitration (the "Company") and the Associate whose name appears below;

WITNESSETH:

Whereas, Associate and Company desire to resolve any and all disputes between them over Legal Claims, as more fully described in the Rules of Arbitration; and

Whereas, the parties hereto agree that Arbitration of such disputes is a valuable benefit, the existence of which is a significant inducement for Associate to accept or continue employment with Company and for Company to offer employment to Associate or continue to employ Associate,

NOW THEREFORE, in consideration of the mutual promises contained herein and in specific consideration of the Company agreeing to offer employment to Associate or continue to employ Associate, the parties hereto agree as follows:

EFFECTIVE upon the date of the submission of Associate's application for employment or the date of this Agreement, whichever occurs earlier, Associate and Company shall be entitled to the benefits of and mutually agree to become subject to the Company's RULES OF ARBITRATION (the "RULES").

WE AGREE TO ARBITRATE OUR LEGAL CLAIMS AND TO ABIDE BY THE RULES OF ARBITRATION:

<u>Company:</u> Dean L. Worley (Authorized Signature)

<u>Associate:</u>
Name:MARIA  BIRO   AIN: 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  Password: XXXXXXXX

**AGREEMENT DATE:**  2018-04-20 09:31:09.22701