# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **MARIA BIRO** | : | **CASE NO. 1:21-cv-483** |
| | : | |
| Plaintiff. | : | **JUDGE TIMOTHY S. BLACK** |
| | : | |
| v. | : | **MAGISTRATE** _____ |
| | : | |
| **DILLARD's, et al.** | : | |
| | : | |
| Defendants. | : | |
| | : | |

### PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT'S
### MOTION TO COMPEL ARBITRATION

**NOW COMES** Plaintiff, Maria Biro, by and through counsel and submits the following memorandum in opposition to Defendant's Motion to Compel Arbitration. A memorandum in support is attached.

Respectfully Submitted,

*/s/ Jason R. Phillabaum*

_____
**JASON R. PHILLABAUM (0072219)**
**Yonas & Phillabaum, LLC**
**Trial Attorney for Maria Biro**
9656 Cincinnati Columbus Rd.
Cincinnati, OH 45241
Phone: (513) 338-1800
Fax: (513) 263-9031
Email: Jason@Phillabaum.org

### **NOTICE**

Plaintiff requests an oral hearing on this Motion.

*/s/ Jason R. Phillabaum*

_____
**JASON R. PHILLABAUM (0072219)**

## **CERTIFICATE OF SERVICE**

      A copy of the foregoing motion and attached memorandum was served on November 5, 2021 pursuant to Civ.R. 5(B)(2)(f) by sending it by electronic means to the email address(es) identified below to:

Chad E. Willits (0066541)
REMINGER CO., LPA
Counsel for Defendant
525 Vine Street, Ste. 1500
Cincinnati, OH 45202
Phone: (513) 721-1311
Fax: (513) 721-2553
Email: Cwillits@reminger.com

    */s/ Jason Phillabaum*
    _____
    **JASON R. PHILLABAUM (0072219)**

## **MEMORANDUM IN SUPPORT**

### I. **INTRODUCTION**

On September 17, 2021, Defendant Higbee West Main ("Defendant") filed a motion to compel arbitration of all claims asserted by Plaintiff and requesting that this matter either be dismissed or stayed pending the outcome of arbitration. Pursuant to §2 of the Federal Arbitration Act, Defendant's request should be unequivocally denied, and this case should be permitted to proceed in this Court. The reasons Defendant's motion should be denied and the legal and factual basis for denying Defendant's motion are more fully set forth in the attached Memorandum in Support.

### II. **FACTS**

Plaintiff is a naturalized citizen whose national origin is Hungary. English is her second language, and she has difficulty reading documents written in English. Plaintiff's husband often reads documents for her and explains them to her. In 2018, when Plaintiff began as an employee with Defendant, her understanding of the English language was minimal. Plaintiff had no idea what arbitration was. Even more, she had no idea that arbitration would require her to give up the fundamental right to have a jury of fellow U.S. citizens determine whether her claims of discrimination, and malicious torts against Defendant are valid. Defendant took advantage of Plaintiff's ignorance and inferior bargaining power and manipulated her into signing an unconscionable contract to arbitrate. (See Affidavit of Maria Biro, Attached as Exhibit 1).

When Plaintiff electronically signed Defendant's contract to arbitrate, no one in Defendant's employ explained to her that no matter how unlawfully Defendant treated her at any time in the future, she would be giving up her rights under the U.S. and Ohio Constitutions to petition this Court, and more specifically, giving up her Ohio and U.S. constitutional rights to a trial by jury. Moreover, nowhere in Defendant's agreement is a waiver of these rights even discussed.

After three years of dedicated service to her employer, Defendant unjustly and maliciously accused her of theft. Alarmed by these accusations and determined to contest them, Plaintiff sought

the advice of counsel. Counsel then drafted a letter on her behalf to Defendant soliciting information about the incident. Defendant's immediate response, that same day, was to retaliate and terminate her employment.

The Rules of Arbitration that Defendant now seeks to unjustly enforce, outline a process that must be followed when a dispute, or legal claim, arises between Defendant and its employees. Defendant's own rules, rules Defendant agreed to be bound by state that employees may first try to resolve a dispute with Defendant through an Internal Review process. Employees receiving a negative result may then proceed to arbitration.  (See Rules of Arbitration, page 2, attached to Defendant's motion as Tab 1).

Defendant never even gave Plaintiff a chance to resolve her dispute through the internal review process its own agreement provides for her. Defendant, upon receiving notice from counsel that there was a dispute, should have referred her to the internal procedures for filing a complaint. Instead, with heedless disregard for her concerns, Defendant denied her access to the very system it promised to make accessible to her. Defendant, with unclean hands, now wants this Court to enforce its rules.

### III.  LAW & ARGUMENT

**A. Under Ohio Contract Law, Defendant's arbitration contract is unconscionable, unenforceable, and invalid.**

In deciding whether to compel arbitration, Federal Courts, including this Court, have applied a two-step process. First, whether the claims are exempt from arbitration. If the claims are not exempt, then the Court must consider whether the arbitration agreement itself is valid. See ***Morrison v. Circuit City Stores, Inc.***, 317 F.3d 646 (6th Cir. 2003). Even assuming, without conceding, that all of Plaintiff's federal and state claims, including those charging discrimination, malicious and intentional tortious conduct, are not exempt from arbitration, the arbitration agreement in this case is not valid and enforceable as it is unconscionable.

Under section 2 of the FAA, an arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. And this Court reviews the enforceability of an arbitration agreement according to the applicable state law of contract formation. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943-44, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). *Morrison*, 317 F.3d 646.

Under Ohio law, the unconscionability doctrine has two components: (1) substantive unconscionability, i.e., unfair, and unreasonable contract terms, and (2) procedural unconscionability, i.e., individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible. Both elements must be present to find a contract unconscionable. *Morrison*, 317 F.3d 646 (6th Cir. 2003), citing *Jeffrey Mining Prods., L.P. v. Left Fork Mining Co.*, 143 Ohio App.3d 708, 758 N.E.2d 1173, 1181 (2001)

### 1. Defendant's contract is procedurally unconscionable.

In determining procedural unconscionability, the Court must look for evidence on "factors bearing on the relative bargaining position of the contracting parties, including their age, education, intelligence, business acumen and experience, relative bargaining power, ... [and] whether the terms were explained to the weaker party...." See *Morrison*, 317 F.3d 646, 666 (6th Cir.2003) (en banc) (emphasis added, internal citations omitted). "The crucial question . . . [is] whether each party to the contract, considering his obvious education or lack of it, [had] a reasonable opportunity to understand the terms of the contract...." Id. , *Cooper v. Mrm Investment Co.*, 367 F.3d 493 (6th Cir. 2004)

Defendant attempts to bundle Plaintiff in with all new hires by claiming "new employees like Plaintiff use the intranet to learn about the adhesion contract she would have to agree to in order to become an Associate. (Defendant's Motion, Memo p. 2 last paragraph). But Plaintiff is not like other employees. Plaintiff is a naturalized citizen who immigrated from Hungary. While she is continually working to improve her skill in English, it is her second language. Upon listening to Plaintiff, it is

readily apparent that she speaks English with a foreign accent and Defendant was certainly aware of this, having employed her for nearly three years.

Plaintiff did not understand the legal ramifications of signing Defendant's agreement. And Defendant never bothered to explain it to her. Defendant never explained to her that she would be giving up the right to trial by jury, and nowhere in Defendant's agreement is there any reference to any of the rights she would be giving up. Moreover, the terms that are spelled out, are in small print (often 6 or 8 point type), in printed format. And conveniently for Defendant, during the hiring process, Plaintiff was asked to sign her assent to Defendant's rules on the first page of a 9-page document that references eight pages of rules that follow. Knowing that Plaintiff was an unsophisticated immigrant with no knowledge of what she was giving up, Defendant should have printed the rules it sought to impose on Plaintiff, explained them to her, then imposed a mandatory review period before binding Plaintiff to its will.

Considering Plaintiff's background, unsophistication, and unfamiliarity with our legal system, and Defendant's failure to offer her aid in understanding the legal consequences of their arbitration agreement, it is apparent Plaintiff lacked a meaningful and reasonable opportunity to understand the terms.

### 2. Defendant's contract is substantively unconscionable, and Defendant should not be allowed to proceed under the unclean hands doctrine.

Defendant's arbitration contract also contains unfair and unreasonable terms. It requires employees to go through a potentially convoluted process wherein Defendant must agree to an acceptable forum and arbitrator to litigate disputes. It also requires employees like Plaintiff to pay a fee of $200 just to initiate arbitration and makes no provision for addressing small claims such as those for wrongly withheld pay, claims that could be litigated in small claims courts, where filing fees are commensurate with the size of the amount in controversy. Moreover, Defendant's agreement unfairly

subjects Plaintiff to potential liability for Defendant's attorney fees if the arbitrator does not rule in her favor. (See Rules of Arbitration, pages 2, 3, 8; Attached to Defendant's Motion as Tab 1).

Additionally, as noted above, Defendant never even gave Plaintiff a chance to resolve her dispute through the internal review process its own agreement provides for her. Before Plaintiff could even attempt to avail herself of the internal review process, a process that would not have required Plaintiff to pay anything to address, Defendant terminated her, and her access, electronic or otherwise, to its internal review process. Defendant breached the terms of its own agreement when it unjustly terminated her and falsely accused her of criminal behavior. Upon doing so, Defendant's hands became unclean.

In Ohio, the doctrine of clean hands is based on the maxim of equity that provides "he who comes into equity must come with clean hands." *Seminatore v. Climaco, Climaco, Lefkowitz & Garofoli Co., L.P.A.*, 8th Dist. Cuyahoga No. 81568, 2003-Ohio-3945, 2003 WL 21710735, ¶ 26, citing *Marinaro v. Major Indoor Soccer League*, 81 Ohio App.3d 42, 45, 610 N.E.2d 450 (9th Dist.1991). This doctrine requires that whenever a party takes the initiative to set in motion the judicial machinery to obtain some remedy but has violated good faith by his prior-related conduct, the court will deny the remedy. *Reid v. Wallaby's Inc.*, 2nd Dist. Greene No. 2011-CA-36, 2012-Ohio-1437, 2012 WL 1080623, ¶ 31, citing Marinaro, supra (internal quotations and additional citations omitted). The application of the doctrine is at the discretion of the trial court. See **Slyh v. Slyh** (1955), 72 Ohio Law Abs. 537, 135 N.E.2d 675.

Plaintiff's arbitration agreement clearly binds both Dillard's and its Associates to its terms. (*See* Rules of Arbitration, page 1, and references to both parties throughout, and *See* Agreement to Arbitrate, ¶ 1, and references to both parties throughout (Attached to Defendant's motion as Exhibit 1). Plaintiff now wants to bind Plaintiff to the same arbitration contract it refused to honor. Dillard's failed to follow its own procedures when it terminated Plaintiff and thereby violated its duty to deal in good faith. Accordingly, it cannot now attempt to "set in motion the judicial machinery to obtain [a] remedy." It is

prior conduct in disregarding the plain terms of its arbitration agreement bars it from now seeking redress in this Court.

### B. The process of making an agreement is at issue & this Case should proceed to trial.

To compel arbitration, the Court must conduct a hearing, and "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4; ***Fazio v. Lehman Brothers, Inc.***, 340 F.3d 386 (6th Cir. 2003) (Emphasis added). The making of the agreement is clearly at issue in this case. And an evidentiary hearing on this matter will more fully demonstrate that Defendant's agreement is procedurally and substantively unconscionable.

Defendant attempts to obscure this fact by offering an affidavit from a corporate representative that did not personally take part in Plaintiff's hiring process. Defendant's affidavit contains no averment that Mr. Dorsey, the affiant, personally witnessed Plaintiff's signature, or that he witnessed what transpired when Plaintiff electronically viewed and signed Defendant's inherently unfair contract of adhesion.

Plaintiff's testimony at a hearing on this matter will show that there was no meaningful meeting of the minds when she was manipulated into signing and "agreeing" to Defendant's terms. Plaintiff's testimony at trial will demonstrate that she was taken advantage of by a superior party and tricked into signing away her right to petition this Court for violations of her legal and lawful rights under Federal and Ohio law.

### IV. <u>CONCLUSION</u>

Arbitration clauses, agreements, or contracts are sweeping in their effect, including completely removing an aggrieved party's ability to utilize our constitutional court system and its associated right to a trial by jury. Moreover, employers are inherently more powerful and have the upper hand. The making of the agreement is clearly at issue in this case. Defendant's agreement is procedurally unconscionable and substantively unconscionable.

Defendant took advantage of Plaintiff and manipulated her into a sophisticated agreement-an agreement with no explicit, easy-to-read type explaining litigation rights being waived, and no ability to litigate small claims. Further, it contains a complex process for choosing an arbitrator that could easily end up favoring Defendant, already in a superior position, and offers no ability to opt out.

Defendant did not give her a copy of the rules it now seeks to enforce and did not offer to explain those rules. Defendant should have printed the rules for her and encouraged her to consult legal counsel. Instead, Defendant used its superior position, sophistication, and power to lay a foundation for its malicious conduct down the road

Plaintiff is an immigrant. She has only been here ten years. She speaks English as a second language and has difficulty understanding what she reads. She did not know what arbitration was. She did not even know what a jury trial was until she became a U.S. citizen. She now asks this Court to not let Defendant continue to take advantage of her.

For all the foregoing reasons, Plaintiff asks this Court to deny Defendant's motion and proceed to trial.

Respectfully Submitted,

*/s/ Jason R. Phillabaum*

_____
**JASON R. PHILLABAUM (0072219)**
**Yonas & Phillabaum, LLC**
**Trial Attorney for Maria Biro**
9656 Cincinnati Columbus Rd.
Cincinnati, OH 45241
Phone: (513) 338-1800
Fax: (513) 263-9031
Email: Jason@Phillabaum.org